**UNITED STATES of America,**

v.

**Thomas KELLY.**

No. 87 Cr. 571 (DNE).

United States District Court, S.D. New York.

Feb. 25, 1988.

Leonard Joy, New York City, for defendant.

## ORDER

EDELSTEIN, District Judge:

The court ruled on this application from the bench during defendant's sentencing hearing. Because of the novelty of the request, the court is memorializing that ruling in the present written order.

The defendant, Thomas Kelly, is before the court for sentencing after pleading guilty to one count of distributing heroin within one-thousand feet of a school. Defendant's conviction is for a crime committed prior to November 1, 1987, the effective date of the Sentencing Act of 1986. Never-theless, as part of the implementation of the Sentencing Guidelines, the Probation Department has been preparing Guideline calculations with its presentence investigation reports, including this defendant's report. The sample Guideline calculation for Mr. Kelly provides for a sentencing range of 12 to 18 months.

Defendant's counsel, Leonard Joy, has requested by letter that, in the event the court intends to sentence the defendant to a term of incarceration in excess of 18 months, the new Federal Sentencing Guidelines be used in determining the sentence to be imposed on Mr. Kelly. For both legal and practical reasons the application must be denied.

First, the Congress has decreed that the Federal Sentencing Guidelines promulgated by the United States Sentencing Commission shall govern the sentencing of defendants convicted of offenses committed after November 1, 1987. Mr. Kelly's offense was committed well before the November 1 effective date. One of the obvious reasons for the prospective application of the Guidelines is to avoid constitutional challenge to the system on *ex post facto* grounds. Mr. Joy, however, has argued that if the non-Guideline sentence would be greater than the recommended guideline sentence, which in this case the probation officer has calculated as 12–18 months, applying the guidelines would not violate the *ex post facto* clause of the United States Constitution.

This court has no inherent power to impose a sentence, absent legislative authorization. *See United States v. Elkin,* 731 F.2d 1005, 1010 (2d Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984). Section 2 of the Sentencing Act of 1987, as amended, provides that the Act and, thus the Guidelines promulgated under the Act, "shall apply only to offenses committed after the taking effect of this chapter." Sentencing Act of 1987 § 2, Pub.L. No. 100–182, 101 Stat. 1266 (Dec. 7, 1987). The effective date of the statute is November 1, 1988. Accordingly, this court is without power to sentence Mr. Kelly under the Guidelines, even if it were so to desire.

The second observation I wish to make is that sentences imposed before and after the guidelines cannot be adequately compared because, under the guidelines, parole is abolished and the time sentenced is actually served in its entirety, with the minor exception of a reduced allowance for "good time." Moreover, the Sentencing Act does not merely provide a talismanic number to guide the court. Rather, the Act and the Guidelines provide for a new *system* of sentencing that includes various procedures for challenging the findings of the probation department, the opportunity to dispute findings at a hearing, and ultimately it provides both the defendant and the government the right to appeal the sentence imposed by the district court. Consequently, it should be apparent that, in addition to the court's lack of power to apply the guidelines, it would be impossible to impose the guideline range sentence calculated on the mock worksheets by the probation department without applying the rest of the provisions of the new sentencing system created by the Sentencing Act of 1987.[1]

Accordingly, defendant's application must be denied.

SO ORDERED.

---

1. Upon perusal of the Guideline Worksheets, it is apparent that the probation officer made at least one clear error in calculating the defendant's Guideline Range. The "Criminal History" worksheet is incorrectly calculated. The correct calculation would have lowered *defendant's* sentence by two months to 10–16 months. Such errors are to be expected when the Guideline calculations are being made for training and informational reasons, and when the attorneys for both the government and the defense are not reviewing the calculations for accuracy. This is a another practical difficulty with applying the Guidelines to pre-Guideline offenses.