885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee STARNES, Defendant-Appellant.
 No. 89-7631.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Aug. 31, 1989.
 
 Michael Lee Starnes, appellant pro se.
 Thomas J. Ashcraft, United States Attorney, for appellee.
 Before DONALD RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Starnes pleaded guilty to one count of presenting a false claim to the Internal Revenue Service. The basis for the charge was that Starnes filed a fraudulent 1985 income tax return in February 1986. In 1988, Starnes was sentenced to three years in prison and ordered to pay restitution and costs. He then filed a Fed.R.Crim.P. 35(a)[1] motion to correct an illegal sentence. Starnes contended that he should have been sentenced under the sentencing guidelines.[2] See 18 U.S.C. Sec. 3553. The district court held that the guidelines apply only to offenses occurring on or after November 1, 1987. We agree.
 
 
 2
 The guidelines went into effect on November 1, 1987. See Sentencing Reform Act of 1984, Pub.L. 98-473, Title II, Ch. II, Sec. 235(a)(1), 98 Stat. 2031, as amended by Section 4 of Pub.L. 99-217, 99 Stat. 1728. However, as enacted, Congress did not specify whether the guidelines would apply to offenses committed prior to the effective date of the guidelines. On December 7, 1987, Congress amended the enabling statute and expressly limited the applicability of the guidelines to criminal offenses committed after November 1, 1987. See Sentencing Act of 1987, Pub.L. 100-182, Sec. 2(a), 101 Stat. 1266. We must abide by Congress' express intent. Therefore, like the other courts that have ruled on this issue, see United States v. Stewart, 865 F.2d 115, 116-17 (7th Cir.1988); United States v. Haines, 855 F.2d 199, 201 (5th Cir.1988); United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1988); United States v. Kelly, 680 F.Supp. 119, 120-21 (S.D.N.Y.1988), we hold that the guidelines do not apply to offenses committed prior to November 1, 1987. Consequently, Starnes' claim is meritless.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Because Starnes' offense was committed prior to November 1, 1987, the "old" Rule 35(a) applies
 
 
 [2]
 Under the guidelines, Starnes claims his sentencing range would be 10-16 months imprisonment