**Robert FELLER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 89 CV 2859, 88 CR 012.

United States District Court, E.D. New York.

April 2, 1990.

Robert Feller, pro se.

Peter T. Sheridan, Asst. U.S. Atty., and Andrew J. Maloney, U.S. Atty., E.D.N.Y., for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, *pro se,* moves for a writ of habeas corpus to vacate or modify his criminal sentence. 28 U.S.C. § 2255. For the reasons discussed below, the motion is denied.

## FACTS

On March 4, 1988, pursuant to a written plea agreement, petitioner pled guilty to count ten of an eleven-count indictment. Count ten charges that between July 19, 1987 and October 30, 1987 petitioner unlawfully used an unauthorized access device, specifically, a fraudulently obtained American Express charge card issued in the name of "R.A. Felder." Count ten also charges that petitioner used the charge card, affecting interstate commerce, to purchase goods and services of $1,000 or more. 18 U.S.C. § 1029(a)(2). The remaining charges in the indictment, dismissed at sentencing, included eight violations of mail fraud, one violation of using false names to receive mail matter, and one additional violation of knowing and fraudulent use of unauthorized access devices. 18 U.S.C. §§ 1029(a), 1341 and 1342. Under these

latter counts, the indictment catalogued a number of specific instances of alleged criminal conduct by petitioner during the summer months and early autumn of 1987.

In return for receiving a one-count negotiated plea, petitioner promised full cooperation in explaining his illegal participation and furnished all relevant documents to federal investigators. After discussing the terms with his attorney, petitioner signed a written plea agreement. On July 15, 1988 this Court sentenced petitioner to a term of thirty months incarceration, ordered a fine in the amount of $2,000 and imposed the mandatory $50 assessment. The Court also ordered that petitioner be given psychiatric counselling while incarcerated.

Petitioner now challenges the validity of his sentence.

## DISCUSSION

Petitioner's only challenge to his sentence is that the Federal Sentencing Guidelines command a lesser "range" for his crime. Because the sentencing guidelines promulgated under the Sentencing Reform Act ("SRA") do not apply to this case, petitioner's argument is fundamentally misdirected.

The single count to which petitioner pled, and under which he was sentenced, charges him with participating in illegal activity between July 19, 1987 and October 30, 1987. The effective date for the Federal Sentencing Guidelines is November 1, 1987. 18 U.S.C. § 3551 note (Effective date; Savings Provision) (Supp. V 1987).

The law in this circuit is clear that Congress intended to establish a "bright-line rule" and "consequently, the Guidelines apply 'only to offenses committed after' November 1, 1987." *United States v. Story*, 891 F.2d 988, 992–993 (2d Cir.1989).[1] *See also United States v. Charleus*, 871 F.2d 265, 269 (2d Cir.1989) (While "provisions of the SRA are not applicable to crimes committed *before* November 1, 1987 ... we have recognized that the SRA is applicable to offenses committed on or *after* Novem-

ber 1, 1987.") (emphasis in original); *United States v. Argitakos*, 862 F.2d 423, 424 (2d Cir.1988) (Because the "SRA applies only to offenses committed after November 1, 1987, and the offenses in the instant case were committed before that date, defendants' claim is without merit."); *United States v. Correa–Vargas*, 860 F.2d 35, 36 (2d Cir.1988).

Petitioner was sentenced in July 1988. Presumably, petitioner believes that because he was sentenced after the effective date of the sentencing guidelines, he falls within the ambit of the new statutory sentencing scheme. In *United States v. Kelly*, 680 F.Supp. 119 (S.D.N.Y.1988), a defendant pled guilty to one count of heroin distribution. The criminal activity took place prior to November 1, 1987 and defendant stood before the court for sentence in February 1988. Defendant's counsel requested that in the event the Court intended to sentence defendant to a term of incarceration in excess of eighteen months—the maximum under the new guideline range—the new Federal Sentencing Guidelines be used to determine the sentence. Defense counsel argued, in essence, that if a non-guideline sentence would be greater than the recommended guideline sentence, applying the guidelines would not violate the *ex post facto clause* of the United States Constitution. *Id.* at 120. The *Kelly* court denied the application "for both legal and practical reasons," concluding:

> This court has no inherent power to impose a sentence, absent legislative authority. Section 2 of the Sentencing Act of 1987, as amended, provides that the Act and, thus the Guidelines promulgated under the Act, "shall apply only to offenses committed after the taking effect of this chapter." The effective date of the Statute is November 1, 1988 [sic]. Accordingly, this court is without power to sentence Mr. Kelly under the Guidelines, even if it were so to desire.

*Id.* (citations omitted).

Confronted with similar sentencing situations, other courts have concluded the

---

1. Petitioner cites *Story* to support his argument that the new sentencing guidelines apply to this case. *Story*, however, involved "straddle crimes," namely, crimes that began before No-

vember 1, 1987 and ended after that effective date. The illegal conduct charged in this indictment ended before November 1, 1987.

same. In *United States v. Stewart*, 865 F.2d 115 (7th Cir.1988), a defendant pled guilty to a two-count indictment involving goods stolen from an interstate freight shipment. The defendant entered his plea of guilty on September 16, 1987 and was sentenced to three and one-half years imprisonment on November 16, 1987. Defendant, calculating the maximum sentence under the guidelines to be twenty-four months, claimed a right to be sentenced under the guidelines and appealed his sentence. The court denied the appeal, noting, "We need only look to Congress' clearly expressed intent that the SRA would apply only to offenses committed on or after the effective date in order to avoid the apparently unconstitutional interpretation urged upon us by Stewart." *Id.* at 117. *See also United States v. Bogden*, 865 F.2d 124, 129 (7th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1652, 104 L.Ed.2d 166 (1989).

Because petitioner's case must be classified as a "pre-guidelines" case, petitioner's argument fails. He had no right to be sentenced under a guidelines range. The sentence imposed was in fact a lenient one and well below the mandatory maximum.[2] Accordingly, petitioner's motion for habeas corpus relief must necessarily be denied. Petitioner's only vehicle for reducing his sentence would be a motion for a reduction of sentence. Fed.R.Crim.P. 35(b). Construing the present petition as a Rule 35 motion, it is time bared by the explicit terms of the Rule.

## CONCLUSION

Petitioner's motion for a writ of habeas corpus challenging the validity of his sentence is hereby denied.

SO ORDERED.

---

**2.** There is a maximum penalty for petitioner's crime of 10 years incarceration and/or a fine of not more than the greater of $10,000 or twice the value obtained through the offense. 18 U.S.C. § 1029(c).