**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Oscar Theodore POLK, III,
Defendant–Appellant.**

No. 89–5449.

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 29, 1989.

Decided June 1, 1990.

Harold J. Bender, Charlotte, N.C., for defendant-appellant.

Thomas J. Ashcraft, U.S. Atty., Carl Horn, Chief Asst. U.S. Atty., Charlotte, N.C., for plaintiff-appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

Oscar Theodore Polk, III, pleaded guilty to eight counts of mail and wire fraud (18 U.S.C. §§ 1341 and 1343). Five of these offenses occurred prior to November 1, 1987, the effective date of the Federal Sentencing Guidelines, while three occurred after that date. The district court held that the Guidelines apply only to offenses occurring on or after November 1, 1987, and sentenced Polk accordingly. For the pre-Guidelines offenses, Polk was sentenced to five consecutive five-year terms and to a thirty-month consecutive term on the post-Guidelines offenses. This appeal followed. We affirm.

Polk first argues that the district court erred when it denied his motion to be sentenced under the Sentencing Guidelines, guidelines that we find to be inapplicable in this case. The Federal Sentencing Guidelines went into effect on November 1, 1987. *See* Sentencing Reform Act of 1984, Pub.L. 98–473, Title II, Ch. II, § 235(a)(2), 98 Stat. 2031, as amended by Section 4 of Pub.L. 99–217, 99 Stat. 1728. However, as enacted, Congress did not specify whether the Guidelines would apply to offenses committed prior to the effective date of the Guidelines. On December 7, 1987, Congress amended the enabling statute and expressly limited the applicability of the Guidelines to criminal offenses committed *after* November 1, 1987. *See* Sentencing Act of 1987, Pub.L. 100–182, Sec. 2(a), 101 Stat. 1266. Therefore, like the other courts that have ruled on this issue, *see United States v. Stewart*, 865 F.2d 115, 116–17 (7th Cir. 1988); *United States. v. Haines*, 855 F.2d 199, 201 (5th Cir.1988); *United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1988); *United States v. Kelly*, 680 F.Supp. 119, 120–21 (S.D.N.Y.1988), and consistent with our previous unpublished opinions, we hold that the Guidelines do not apply to offenses committed prior to November 1, 1987. Consequently, Polk's claim is meritless.

Polk next argues that the sentence imposed by the district court, a sentence entered within the statutory limits, amounts to cruel and unusual punishment in violation of the Eighth Amendment. *See*

*Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Such an argument has been addressed and rejected by this court in *United States v. Whitehead*, 849 F.2d 849 (4th Cir.1988). "*Solem* does not require a proportionality review of any sentence less than life imprisonment without possibility of parole." *Id.* at 860. In *Whitehead*, we further noted that "[t]rial courts are vested with broad discretion in sentencing and, if a sentence is within statutory limits, it will not be reversed absent extraordinary circumstances." *Id.*

Finally, Polk argues that the district court committed error when it overruled his objections to the pre-sentence report. After a thorough review of the record, we do not find that the district court's reliance upon the pre-sentence report was clearly erroneous. *See United States v. White*, 875 F.2d 427 (4th Cir.1989).

We dispense with oral argument in this case because the facts and legal contentions are adequately presented in the record before us and oral argument will not aid in the decisional process.

AFFIRMED.