923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Lee CHAPMAN, Defendant-Appellant.
 No. 90-5064.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 7, 1991.
Decided Jan. 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-89-126-N)
 Charles R. Burke, Virginia Beach, Va., for appellant.
 Henry E. Hudson, United States Attorney, Oliver L. Norrell, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin Lee Chapman appeals his convictions for making false statements to a firearms dealer in violation of 18 U.S.C. Sec. 922(a)(6). All four offenses occurred before November 1, 1987. Chapman argues on appeal that he should have been sentenced under the sentencing guidelines because he might have received a more lenient sentence under the guidelines and that a failure to sentence under the guidelines violates the ex post facto clause. This Court has previously held that the guidelines apply only to offenses committed after November 1, 1987. United States v. Polk, 905 F.2d 54 (4th Cir.1990). The ex post facto clause is not implicated. Therefore, this argument fails.
 
 
 2
 Chapman also contends that he was wrongfully charged, that his 30-month sentence was too high, that his offense severity (as estimated in the presentence report) was too high, and that he should not have been incarcerated in Talladega, Alabama, because it is too far from home. We find these claims to be frivolous. Chapman admitted making the false statements before he was arrested; his sentence was within statutory limits; decisions concerning his parole and place of incarceration are within the discretion of the Parole Commission.
 
 
 3
 Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.