946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest MOSELY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie MOSELY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie AIKEN, Defendant-Appellant.
 No. 90-5163.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided Oct. 3, 1991.
As Amended Nov. 21, 1991.
 
 Appeals from the United States District Court for the District of South Carolina, at Orangeburg. Charles E. Simons, Jr., Senior District Judge. (CR-89-182-5)
 Argued: J. Robert Cooper, Atlanta, Ga., for appellant Aiken, Algert S. Agricola, Jr., Montgomery, Ala., for appellant Ernest Mosely, Kenneth M. Mathews, Columbia, S.C., for appellant Ronnie Mosely.
 Robert C. Jendron, Jr., Assistant United States Attorney, Columbia, S.C., for appellee.
 On Brief: Susan G. James, Jeffery C. Duffey, Montgomery, Ala., for appellant Ernest Mosely. E. Bart Daniel, United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Ernest Mosely, Ronnie Mosely and Willie Aiken appeal from their convictions and sentences for various drug offenses. We find no error and affirm.
 
 
 2
 Ronnie Mosely and Aiken challenge the sufficiency of the evidence for their convictions.[1] A jury returned guilty verdicts as to both defendants for conspiracy to unlawfully possess with intent to distribute "crack" cocaine in violation of 21 U.S.C. § 846; as to Ronnie Mosely for two counts of possessing with the intent to distribute one ounce of "crack" cocaine on December 13, 1988, and May 4, 1989, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and as to Willie Aiken for two counts of possessing with the intent to distribute one and one-half ounces of "crack" cocaine on July 9, 1989, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. When a defendant challenges the sufficiency of the evidence to convict him, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We reject Ronnie Mosely and Aiken's inferential contention that because the government's case revolved around the uncorroborated testimony of a paid informant, Randy Whetstone, the evidence was insufficient to sustain their convictions.
 
 
 3
 Whetstone gave extensive testimony on the defendants' drugrelated activity. Even if the testimony was uncorroborated, it may be considered to be sufficient to sustain the convictions. See United States v. Manbeck, 744 F.2d 360, 392 (4th Cir.1984), cert. denied sub nom., O'Hare v. United States, 469 U.S. 1217 (1985). In any event, however, Whetstone's testimony was corroborated and supplemented by other evidence. Whetstone participated in numerous controlled buys while working as an informant. These transactions were all recorded and pertinent portions were played for the jury. The transcripts of both the December 13, 1988, and May 4, 1989, buys corroborate Whetstone's testimony as to the counts against Ronnie Mosely. In addition, there was other evidence offered against Willie Aiken. More than one separate package of cocaine and a large sum of cash were found during a consent search of Aiken's home on July 9, 1989. Viewed in the light most favorable to the government, the record contains sufficient evidence for the jury to have found Ronnie Mosely and Willie Aiken guilty beyond a reasonable doubt.
 
 
 4
 Ronnie Mosely contends that the district court committed error by not departing downward from the sentencing guidelines. A defendant may only appeal a refusal to depart downward if the sentence was "imposed in violation of law." United States v. Bayerle, 898 F.2d 28 (4th Cir.1990), cert. denied, 111 S.Ct. 65 (1990). If the refusal to depart downward was based on the district court's mistaken view that it lacked the authority to depart, however, a defendant may appeal. Bayerle, 898 F.2d at 31.
 
 
 5
 The record does not indicate that the district court believed that it could not depart from the guidelines. Rather, it felt that a departure was not justified.[2] Therefore, the defendant may not appeal the district court's refusal to depart from the sentencing guidelines.
 
 
 6
 Ernest Mosely argues that his sentence of 264 months without parole, a sentence within the statutory limits, constitutes cruel and unusual punishment prohibited by the Eighth Amendment. This argument is without merit. Proportionality review is not required of any sentence less than life imprisonment without parole. See United States v. Polk, 905 F.2d 54 (4th Cir.1990), cert. denied, 111 S.Ct. 519 (1990); Cf. Harmelin v. Michigan, 59 U.S.L.W. 4839 (U.S.1991).
 
 
 7
 Each of the defendants argues that the district court erred in its calculations, for sentencing purposes, of the amount of drugs involved. Each of the defendants was assigned a base offense level of 36 because the conduct relevant to the conspiracy involved more than 50 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(4).
 
 
 8
 Because the quantity of drugs went to the question of the defendants' sentences rather than to their guilt, the government only had to prove the quantity by a preponderance of the evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989), cert. denied, 110 S.Ct. 1144 (1990).[3] The district court's factual findings in determining the quantity of drugs must be affirmed unless clearly erroneous. United States v. Williams, 880 F.2d 804, 806 (4th Cir.1989). The district court properly determined the defendants' offense level by aggregating the entire quantity of drugs for which the defendants were accountable in "the same course of conduct or common scheme or plan as the offense[s] of conviction." U.S.S.G. § 1B1.3(a)(2).
 
 
 9
 In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.
 
 
 10
 U.S.S.G. § 1B1.3 (Application Note 1).
 
 
 11
 The amount of cocaine involved, more than 50 kilograms, was found as a fact by the district court to have been supported by the sworn testimony. The court, for example, found Whetstone to be a reliable witness. We think the district court was not clearly erroneous in its findings of the quantity of drugs involved.
 
 
 12
 Ernest Mosely claims the district court erred in increasing his offense level under U.S.S.G. § 3B1.1(a) for being a manager or organizer because there was insufficient evidence of more than five participants. The guidelines provide that Mosely's role determination is to be based, not solely on his role in the counts of conviction, but on his role in the entirety of his relevant conduct.
 
 
 13
 Count 1 of the indictment, which Mosely pleaded guilty to, included four participants; Ernest Mosely, Willie Aiken, Ronnie Mosely, and Donnie Aiken. In addition, testimony was presented of a conversation in which Tootsie Pop Brown discussed obtaining cocaine with Ernest Mosely. Also, an unidentified individual delivered cocaine to Whetstone during a transaction arranged by Mosely.
 
 
 14
 Finally, Mosely admitted to Whetstone that he had four people working for him at one time, and that he made $20,000 in one night.
 
 
 15
 Based on this and other evidence in the record, the district court's determination that there were more than five participants in the criminal enterprise is not clearly erroneous.
 
 
 16
 Accordingly,
 
 
 17
 In No. 90-5163 (Ernest Mosely), the judgment of the district court is
 
 
 18
 AFFIRMED.
 
 
 19
 In No. 90-5164 (Ronnie Mosely), the judgment of the district court, so far as it pertains to everything except an appeal from the district court's refusal to depart downward from the guidelines, is
 
 
 20
 AFFIRMED.
 
 
 21
 In No. 90-5164 (Ronnie Mosely), the appeal from the district court's refusal to depart from the guidelines is
 
 
 22
 DISMISSED.
 
 
 23
 In No. 90-5171 (Willie Aiken), the judgment of the district court is
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 Ernest Mosely entered a plea of guilty during trial, so he does not contest his conviction. Ronnie Mosely and Aiken adopt Ernest Mosely's argument with respect to the sentence. Our decision with respect to Ernest Mosely's sentence covers all three defendants as applicable
 
 
 [2]
 The judge stated, "I don't feel that I would be justified in departing downward from the guidelines." The judge's statement that his "hands are tied by the sentencing commission" is not by itself an indication that he felt he did not have the authority to depart. In context, it is no more than that the district judge thought the sentence from the guidelines should apply
 
 
 [3]
 We reject the defendants' invitation to adopt a more stringent standard of proof in guideline sentencing