**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4392

ROBERT VERNON BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-87-241)

Submitted: October 10, 1997

Decided: November 24, 1997

Before HALL and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Stuart Bruce, Acting Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T.
Barrett, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Robert Vernon Brown appeals from the district court's order revoking his supervised release. We affirm.

In 1988 Brown pled guilty to conspiring to possess with intent to distribute cocaine hydrochloride and distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846 (count one), and traveling in interstate commerce to promote an unlawful business, in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (count two). The offense conduct began before and ended on November 1, 1987. The district court sentenced him under the Sentencing Reform Act of 1984 [1] to ninety-seven months imprisonment followed by three years of supervised release for count one, and five years imprisonment for count two to run concurrently with the sentence imposed for count one.

Brown was released on supervised release in November 1994. Brown was subsequently convicted in April 1996 for conspiring to possess with intent to distribute cocaine. He received a sentence of fifty-seven months imprisonment followed by three years of supervised release. In July 1996, based on this new conviction, the Probation Office petitioned to revoke his supervised release imposed for the 1987 offense, alleging that Brown violated the conditions of his supervised release. Brown moved to vacate the supervised release term and dismiss the revocation petition. He alleged that the term of supervised release for the 1987 offense had been improperly imposed.[2]

_____

[1] Pub. L. 98-473, Title II, Ch. II, § 235(a)(1), 98 Stat. 2031, as amended by Section 4 of Pub. L. 99-217, 99 Stat. 1728 (1985).

[2] The Sentencing Reform Act of 1984 eliminated special parole and established conditions for the new system of supervised release under the sentencing guidelines. See Gozlon-Peretz v. United States, 498 U.S. 395, 397 (1991); United States v. Sheffer, 896 F.2d 842, 844 (4th Cir. 1990). However, to ensure the orderly implementation of the new system, Congress delayed the effective date of the Sentencing Reform Act's supervised release provisions until November 1, 1987. Id.

2

Brown alleged that the court should not have imposed supervised release for his 1987 drug conspiracy because the conspiracy began before and ended on November 1, 1987. He noted that the Presentence Investigation Report (PSR) for the 1987 offense stated that count one was subject to the Sentencing Reform Act of 1984 because the conduct occurred prior to and on November 1, 1987. The PSR further stated that count two was not subject to the Sentencing Reform Act of 1984 because the offense under that count occurred prior to November 1, 1987. In essence, Brown alleges that the guidelines, providing for supervised release, did not take effect for sentencing purposes until after November 1, 1987, and the conspiracy for which he was convicted did not extend beyond November 1, 1987. Thus, the supervised release provisions were inapplicable to him.

The district court found that the Sentencing Reform Act of 1984 became effective at 12:01 a.m. on November 1, 1987, and Brown committed an act in furtherance of the conspiracy after that time, albeit on November 1, subjecting him to the sentencing guidelines. The court further found that the statutory provisions for supervised release under 18 U.S.C. § 3583 took effect at the same time as the guidelines and the statutory provisions were applicable to count one. The court determined that Brown violated the conditions of his supervised release and denied his motion to dismiss the revocation petition. The court sentenced Brown to a twelve-month term to be served consecutively to the fifty-seven month term he was serving for the 1996 conviction. Brown timely appealed.

On appeal, Brown claims that the district court erred in denying his motion to vacate the supervised release term and dismiss the petition for revocation. He concedes that there was one undercover buy made on November 1, 1987, in furtherance of the conspiracy and that he and the rest of the members of the conspiracy were arrested later that day. Brown alleges that the district court erroneously applied a "straddle conspiracy" analysis to his offense. Specifically, he claims that a "straddle conspiracy" is defined as one which begins before November 1, 1987, and continues "after" that date, thus straddling the effective date. See United States v. Bakker, 925 F.2d 728, 739 (4th Cir. 1991). Thus, Brown argues that guideline sentencing applies only to "straddle conspiracies" which ended on November 2, 1987, or beyond. See Sheffer, 896 F.2d at 845. We disagree.

3

The effective date of the supervised release provisions under the Sentencing Reform Act of 1984 is November 1, 1987. See Gozlon-Peretz, 498 U.S. at 397. On December 7, 1987, Congress amended the enabling statute of the Sentencing Reform Act of 1984 and expressly limited the applicability of the sentencing guidelines "to offenses committed after the taking effect of" the Act. See Sentencing Act of 1987, Pub. L. 100-182, § 2(a), 101 Stat. 1266 (1987); see also Sheffer, 896 F.2d 844 & n.2; U.S. Sentencing Guidelines Manual, Ch. 1, Pt. A(2) (1995). Brown does not dispute that the conspiracy existed on November 1, 1987, or that an act in furtherance of the conspiracy was committed on that date.

Finally, in United States v. Polk, 905 F.2d 54, 55 (4th Cir. 1990), this court affirmed that "the guidelines apply only to offenses occurring on or after November 1, 1987." As the district court noted in this case, this court is not aware of any "24-hour rule" requiring a court to wait twenty-four hours after an Act becomes effective before it can be applied. Therefore, we find that the imposition of supervised release was not erroneous and the district court did not abuse its discretion in revoking Brown's supervised release.

Accordingly, we affirm. We dispense with oral argument because the facts and contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4