**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5046**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

VINCENT SHAMONT ROGERS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:08-cr-00216-HFF-2)

Submitted:  May 27, 2010                Decided:  June 18, 2010

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael Chesser, Aiken, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Shamont Rogers timely appeals the 730-month sentence imposed following a jury trial on three counts of robbery and aiding and abetting the same, in violation of the Hobbs Act, 18 U.S.C. §§ 2, 1951(a) (2006) (Counts 1, 3, and 5), and three counts of using or carrying a firearm during, and possession of a firearm in furtherance of, a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2006) (Counts 2, 4, and 6). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying Rogers's Federal Rule of Criminal Procedure 29 ("Rule 29") motion on Counts 5 and 6 and whether Rogers's 300-month sentence on Count 6 and overall 730-month sentence violate the Eighth Amendment. Rogers has not filed a pro se brief, though he was informed of his right to do so. Finding no reversible error, we affirm.

Rogers first argues that the district court erred in denying his Rule 29 motion as to Counts 5 and 6 because no evidence was presented showing that he participated in the robbery charged in Count 5 as a principal or as an aider and abettor or that he knew about the gun used in that robbery.

We review the district court's denial of a Rule 29 motion for acquittal de novo. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). A jury verdict must be upheld

2

"if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). However, we "may not weigh the evidence or review the credibility of the witnesses" because "[t]hose functions are reserved for the jury." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (internal citation omitted).

In Count 5, Rogers was charged with Hobbs Act robbery of a Li'l Cricket store. In Count 6, Rogers was charged with possession of a firearm in furtherance of that robbery. Rogers was charged in both counts as a principal and an aider and abettor. "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2. Thus, "[s]o long as all of the elements necessary to find [the defendant] guilty of the crime, whether as a principal or as aider or abetter, were put before the jury, conviction will be proper." United States v. Rashwan, 328 F.3d 160, 165 (4th Cir. 2003). A defendant is guilty of aiding and abetting a crime when he: (1) is "aware of the principals' criminal intent and the unlawful nature of their acts"; (2) "knowingly associated himself with and participated in the criminal venture"; and

3

(3) "shared in the principals' criminal intent." United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983).

The Hobbs Act proscribes robbery that "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Thus, a Hobbs Act conviction requires the proof of two elements: "(1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003).

The evidence is undisputed that a robbery in fact took place at the Li'l Cricket. Moreover, it is clear that the Li'l Cricket robbery affected interstate commerce. Additionally, there was testimony showing that, although Rogers did not enter the Li'l Cricket, he remained in the car while two other men went inside as previously planned. Further, Rogers split the proceeds equally with his two companions. We find that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence for the jury to conclude that Rogers knowingly participated in the robbery and shared the others' criminal intent. Thus, the district court properly denied Rogers's Rule 29 motion with respect to Count 5.

To prove a violation of § 924(c)(1), the Government must demonstrate either that the defendant "use[d] or carrie[d] a firearm" "during and in relation to any crime of violence," or

4

that the defendant "possesse[d] a firearm" "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A); United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007). To be convicted of aiding and abetting under § 924(c), only "participation at some stage accompanied by knowledge of the result and intent to bring about that result" are required. United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (internal quotation marks omitted).

Testimony revealed that the Li'l Cricket robbery was the third robbery in which Rogers was involved and, according to one of the participants, it was only the first where Rogers was not the gunman. When the three arrived at the Li'l Cricket, they decided Rogers would stay in the car while the other two entered the store. They also decided who would be the gunman before going inside. We find that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence for the jury to conclude that Rogers knew of the gun and intended that it be used during, or possessed in furtherance of, the robbery. Thus, the district court properly denied Rogers's Rule 29 motion with respect to Count 6.

Rogers also argues that his 300-month consecutive sentence on Count 6 and his overall 730-month sentence constitute cruel and unusual punishment, in violation of the Eighth Amendment. Rogers argues that the sentence on Count 6

5

violates the Eighth Amendment because the evidence showed he was incapacitated and had no knowledge of the crime. Rogers further argues that both the sentence on Count 6 and his overall sentence violate the Eighth Amendment because of his young age and lack of criminal history at the time of the offenses.

The Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991)). However, we have "held that proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001) (citing United States v. Polk, 905 F.2d 54, 55 (4th Cir. 1990)). Rogers was not in fact sentenced to life imprisonment, so the proportionality of his sentence is not reviewable on appeal.

In accordance with Anders, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6