**PUBLISHED**

Filed:  June 10, 2013

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5039**
(1:12-cr-00329-LMB-1)

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

　　v.

FAISAL HASHIME,

　　　　Defendant - Appellant.

O R D E R

Appellant filed a petition for hearing en banc which was circulated to the full Court.  No judge requested a poll under Rule 35 of the Federal Rules of Appellate Procedure; therefore, the petition for hearing en banc is denied.  Judge Gregory wrote an opinion concurring in the denial of hearing en banc, in which Judge Davis joined.

Entered at the direction of Chief Judge Traxler.

　　　　　　　　　For the Court

　　　　　　　　　/s/ Patricia S. Connor
　　　　　　　　　　　　Clerk

GREGORY, Circuit Judge, concurring in denial of hearing en banc:

Faisal Hashime was convicted of multiple crimes relating to the possession, production, and distribution of child pornography. He raises two issues on appeal, one of which being a Miranda violation, and the other an Eighth Amendment challenge to the sentence imposed. Before we hear his appeal, however, Hashime asked the full Court to review and correct our Eighth Amendment jurisprudence. Hashime's request has merit. Our Eighth Amendment precedent is in tension with the jurisprudence of both the Supreme Court and our sister circuits. This is reason enough to grant a hearing en banc. See Fed R. App. P. 35(a)(1). But even if it was not, insuring that a defendant is not sentenced to a term of imprisonment that violates the Eighth Amendment prohibition against cruel and unusual punishment is surely an issue of "exceptional importance" warranting en banc review. Fed R. App. P. 35(a)(2).

In spite of the momentousness of the issue Hashime asks us to address, I concur in the Court's decision to initially deny hearing en banc for efficiency reasons only -- if Hashime's appeal is resolved on the Miranda issue, his Eighth Amendment argument will be moot. I write separately, however, to underscore why Hashime's Eighth Amendment argument is worthy of en banc review as soon as prudently possible.

2

To be succinct, we have held that Eighth Amendment "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001). Conflicting with our assertion, other circuits conduct Eighth Amendment proportionality review for term-of-years sentences. See, e.g., United States v. Nigg, 667 F.3d 929, 938 (7th Cir. 2012); United States v. Thomas, 627 F.3d 146, 159-60 (5th Cir. 2010); United States v. Polk, 546 F.3d 74, 76 (1st Cir. 2008); United States v. Bullock, 550 F.3d 247, 252 (2d Cir. 2008); United States v. MacEwan, 445 F.3d 237, 247-48 (3d Cir. 2006); United States v. Collins, 340 F.3d 672, 680 (8th Cir. 2003); United States v. Kidder, 869 F.2d 1328, 1333 (9th Cir. 1989). To my knowledge, we are the only circuit that follows this blanket rule denying proportionality review for term-of-years sentences. Indeed, even our district courts have recognized that our precedent is in tension with our sister circuits. See, e.g., United States v. Wellman, 716 F. Supp. 2d 447, 459 (S.D. W. Va. 2010).

Our precedent has had the effect of creating an oft-dreaded circuit split. Cf. Joyner v. Forsyth Cnty., N.C., 653 F.3d 341, 356 (4th Cir. 2011) (Niemeyer, J., dissenting) (admonishing the majority in part for creating a circuit split); Holly v. Scott,

3

434 F.3d 287, 297-98 (4th Cir. 2006) (Motz, J., concurring) (same); United States v. Terry, 257 F.3d 366, 369 (4th Cir. 2001) (Wilkinson, J.) (rejecting a proposed argument in part because it would create a circuit split). This is especially troubling given the fact that the rigid rule that we alone follow seemingly materialized from thin air. Our precedent inexplicably morphed from once stating that Supreme Court precedent does not require proportionality review for a term-of-years sentence, which is correct,[1] see, e.g., United States v. Polk, 905 F.2d 54 (4th Cir. 1990); United States v. Whitehead, 849 F.2d 849, 860 (4th Cir. 1988); United States v. Rhodes, 779 F.2d 1019, 1027-28 (4th Cir. 1985), to holding that proportionality review is not available for a term-of-years sentence, see, e.g., United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001). As such, we are now bound by this unsupported rule that is not followed by any circuit.

---

[1] A court must only conduct proportionality review in "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Ewing v. California, 538 U.S. 11, 30 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring)). If this threshold is met, then a court must perform the Eighth Amendment proportionality test articulated by the Supreme Court in Solem v. Helm, looking at the "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." 463 U.S. 277, 292 (1983).

More important than the very important circuit split, our precedent is in tension with Supreme Court Eighth Amendment jurisprudence. In two recent Eighth Amendment decisions the Supreme Court reiterated that the "concept of proportionality is central to the Eighth Amendment." Miller v. Alabama, 132 S. Ct. 2455, 2463 (2012); Graham v. Florida, 130 S. Ct. 2011, 2021 (2010). The Court further noted that its "cases addressing the proportionality of sentences" include "challenges to the length of term-of-years sentences given all the circumstances in a particular case." Graham, 130 S. Ct. at 2021. The Court has never said as a per se matter that a term-of-years sentence will necessarily survive a proportionality analysis, which we noted in Sutton v. State of Md., 886 F.2d 708, 712 (4th Cir. 1989) and Rhodes, 779 F.2d at 1027-28. In fact, the Supreme Court has strongly suggested that Eighth Amendment proportionality review applies equally to both life and term-of-years sentences, as it has proclaimed "no penalty is per se constitutional," Solem v. Helm, 463 U.S. 277, 290 (1983); and "[t]he Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences,'" Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996—997 (1991) (Kennedy, J., concurring)). Even the most skilled legal

contortionist could not interpret our precedent in a way that sensibly comports with the Supreme Court's crystalline pronouncements.

## III.

Given the unexplained deficiencies in our Eighth Amendment jurisprudence, it is necessary for us to rally the troops, right our wrongs, and align our Eighth Amendment jurisprudence with the rest of the nation. While the time may not be now given the posture of Hashime's appeal, the time certainly draws nigh.[2]

Judge Davis joins in this concurrence.

---

[2] I take no position on the merits of Hashime's appeal.