KING, Circuit Judge,
concurring:
I concur fully in Judge Wilkinson’s excellent opinion for the panel. I write separately, however, to draw attention to a misperception of the law of this Court with respect to whether a sentence short of life imprisonment may be reviewed to *287 ensure that it is constitutionally proportionate to the offense of conviction, and not cruel and unusual in contravention of the Eighth Amendment. Every other court of appeals permits just that sort of proportionality review under the appropriate circumstances. So does ours, as I shall demonstrate, though the conventional wisdom may say otherwise.
After Hashime submitted his principal brief, in which he argued that his fifteen-year sentence was unconstitutionally disproportionate, he moved for initial hearing en bane. See Fed. R.App. P. 35(a). As justification for so doing, Hashime asserted that we had “held previously, as opposed to every other Circuit, that a sentence of a term of years (as opposed to a sentence of life), is not subject to the proportionality principle under the Eighth Amendment.” Appellant’s Motion for Hearing En Banc at 1. We denied initial hearing en banc because, as Judge Gregory (joined by Judge Davis) presaged, “if Hashime’s appeal is resolved on the [threshold] Miranda issue, his Eighth Amendment argument will be moot.” United States v. Hashime, 722 F.3d 572, 572 (4th Cir.2013) (Gregory, J., concurring in denial of hearing en banc).
And now that scenario has come to pass. See ante at 286 (“Our reversal of the conviction makes it unnecessary to address any sentencing questions.”). Still, it bears revisiting Judge Gregory’s observation that our Eighth Amendment precedent as it applies to defendants sentenced to a term of years “seemingly materialized from thin air,” and has “inexplicably morphed” over the years. Hashime, 722 F.3d at 573. Our most recent published iteration of the rule occurred in United States v. Malloy, 568 F.3d 166 (4th Cir.2009), where we recited that because the defendant in that case had “received less than life without parole, proportionality review is not available under our precedent.” Id. at 180 (citing United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir.2001)). Malloy accurately characterized Ming Hong, in which we unabashedly asserted that “[t]his court has held that proportionality review is not available for any sentence less than life imprisonment without the possibility of parole.” 242 F.3d at 532 (emphasis added) (citing United States v. Polk, 905 F.2d 54, 55 (4th Cir.1990)).
Unfortunately, our opinion in Ming Hong misstated the precise language of Polk, in which we merely observed that the Supreme Court’s decision in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), “does not require a proportionality review of any sentence less than life imprisonment without possibility of parole.” 905 F.2d at 55 (emphasis added) (citation omitted). Obviously, to withhold a potential avenue of review entirely by simply declaring that it is “not available” is hardly the same thing as exercising the discretion to only infrequently engage in such review under certain circumstances. Even before Ming Hong, we neglected to capture the essence of what Solem and Polk actually instructed, as we confidently maintained that “[i]t is well-settled that proportionality review is not appropriate for any sentence less than life imprisonment without the possibility of parole.” United States v. Lockhart, 58 F.3d 86, 89 (4th Cir.1995) (emphasis added) (citing Polk). The irrefutable implication of Solem and Polk, however, is to the contrary, that is, proportionality review of a term-of-years sentence — -though not required in every case, or even, perhaps, in most cases — is, contrary to Lockhart and Ming Hong, appropriate and available in some cases.
Although our recent line of authority addressing the issue has, understandably, visited ambiguity and confusion upon the *288 bench and bar, the way going forward is clear. Where, as here, “there is an irreconcilable conflict between opinions issued by three-judge panels of this court, the first case to decide the issue is the one that must be followed, unless and until it is overruled by this court sitting en banc or by the Supreme Court.” McMellon v. United States, 387 F.3d 329, 334 (4th Cir.2004) (en banc). The 1990 decision in Polk, authored by our distinguished predecessor Judge Russell, thus states the law of our circuit: where a sentence of less than life imprisonment has been imposed upon a defendant, proportionality review under the Eighth Amendment is discretionary.