**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES MING HONG,
*Defendant-Appellant.*

No. 00-4335

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES MING HONG,
*Defendant-Appellant.*

No. 00-4462

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES MING HONG,
*Defendant-Appellant.*

No. 00-4502

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge; David G. Lowe,
Magistrate Judge.
(CR-99-269)

Argued: December 8, 2000

Decided: March 8, 2001

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by published opinion. Judge Wilkins wrote the opinion, in which Chief Judge Wilkinson and Judge King joined.

_____

**COUNSEL**

**ARGUED:** John Fontana Cooney, VENABLE, BAETJER, HOW-ARD & CIVILETTI, L.L.P., Washington, D.C., for Appellant. John Staige Davis, V, Assistant United States Attorney, Michael R. Fisher, Special Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Joseph G. Block, Gregory S. Braker, VEN-ABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washington, D.C., for Appellant. Helen F. Fahey, United States Attorney, Richmond, Virginia, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

James Ming Hong appeals his convictions and sentence for violating the Federal Water Pollution Control Act, commonly known as the Clean Water Act (CWA). *See* 33 U.S.C.A. § 1319(c)(1)(A) (West Supp. 2000). The Government cross-appeals, arguing that the district court erred in vacating the fine imposed by the magistrate judge who convicted and sentenced Hong and instructing the magistrate judge to impose a fine of no more than $25,000 each for 12 of Hong's 13 convictions. We conclude that Hong's challenges to his convictions and term of imprisonment are without merit but that the district court erred in vacating the fine initially imposed by the magistrate judge. Accordingly, we affirm in part, vacate in part, and remand for reimposition of the original fine.

## I.

In September 1993, Hong acquired a wastewater treatment facility at Second and Maury Streets in Richmond, Virginia from Environmental Restoration Company, Inc. Hong initially operated the facility under the name ERC-USA but subsequently made several changes to the company name, eventually calling it Avion Environmental Group (Avion). Hong also moved the company's operations to a new facility on Stockton Street in Richmond. Hong avoided any formal association with Avion and was not identified as an officer of the company. Nevertheless, he controlled the company's finances and played a substantial role in company operations. For example, Hong negotiated the lease for the Stockton Street facility,[1] participated in the purchase of a wastewater treatment system (discussed further below), reviewed marketing reports, urged Avion employees to make the company successful through the use of various marketing strategies, and controlled the payment of Avion's various expenses. Hong maintained an office at Avion from which he conducted business.

In late 1995, Hong and Robert Kirk, Avion's general manager, began to investigate the possibility of obtaining a carbon-filter treatment system for the Stockton Street facility, which lacked a system to treat wastewater. Hong and Kirk were specifically advised that the treatment system they were considering was designed only as a final step in the process of treating wastewater; it was not intended for use with completely untreated wastewater. Nevertheless, after purchasing the system, Avion used it as the sole means of treating wastewater. The system quickly became clogged. Hong was advised of the problem by Avion employees and inspected the treatment system himself on at least one occasion. Additionally, Bruce Stakeman, who sold the filtration media necessary for the system, advised Hong that the treatment system would not function properly unless it was preceded by an additional filtration mechanism. No additional filtration media were purchased, nor was an additional filtration system installed.

In May 1996, Avion employees began discharging untreated wastewater directly into the Richmond sewer system in violation of

---

[1] Hong signed the lease for the Stockton Street facility as Avion's president.

Avion's discharge permit. Untreated wastewater was discharged numerous other times during the remainder of 1996. Based on these activities, Hong subsequently was charged by information with 13 counts of negligently violating pretreatment requirements under the CWA. *See* 33 U.S.C.A. § 1319(c)(1)(A). More specifically, Hong was charged with one count of failing to properly maintain and operate a treatment system and with 12 counts of discharging untreated wastewater. Each count of the information alleged that Hong committed the violations "as a responsible corporate officer." *E.g.*, J.A. 19.

The case was tried before a magistrate judge, who found Hong guilty on all counts. The magistrate judge imposed a fine of $1.3 million—$100,000 for each count of conviction—and sentenced Hong to 36 months imprisonment. In calculating the appropriate term of incarceration, the magistrate judge first determined that Hong was subject to a sentencing range of 51-63 months pursuant to the sentencing guidelines. After departing downward four levels to a guideline range of 33-41 months, the magistrate judge concluded that the appropriate sentence under the guidelines was 36 months imprisonment. Because each of Hong's misdemeanor convictions provided a maximum penalty of one year, the magistrate judge imposed sentences of 12 months on Counts One, Two, and Three to be served consecutively to each other, and sentences of 12 months on the remaining counts to be served concurrently with each other and with the sentences for Counts One, Two, and Three. *See United States Sentencing Guidelines Manual* § 5G1.2(d) (1998).

Hong appealed to the district court, which affirmed his convictions and term of imprisonment but, based upon its conclusion that the maximum fine for each of Counts Two through Thirteen was $25,000, vacated the fine and remanded for imposition of a fine of no more than $300,000 on those counts. Hong now appeals his convictions and term of imprisonment, and the Government cross-appeals the reduction of the fine.

## II.

The provision of the CWA under which Hong was convicted applies to "[a]ny person who" negligently violates pretreatment requirements. 33 U.S.C.A. § 1319(c)(1)(A). The CWA defines "per-

son" generally as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C.A. § 1362(5) (West 1986). For purposes of § 1319(c), "person" is further defined to include "any responsible corporate officer." 33 U.S.C.A. § 1319(c)(6) (West Supp. 2000). As noted previously, the information charged Hong with negligently violating pretreatment requirements "as a responsible corporate officer." *E.g.*, J.A. 19. Hong argues that the Government failed to prove that he was a responsible corporate officer. Specifically, he maintains that the Government failed to prove that he was a formally designated corporate officer of Avion and that, even if such proof was not required, the Government failed to prove that he exerted sufficient control over the operations of Avion to be held responsible for the improper discharges. We disagree with both contentions.

The "responsible corporate officer" doctrine was first articulated by the Supreme Court in *United States v. Dotterweich*, 320 U.S. 277 (1943). *See United States v. Iverson*, 162 F.3d 1015, 1023 (9th Cir. 1998). In *Dotterweich*, the president and general manager of a drug company argued that he could not be held criminally liable for the company's violations of the Federal Food, Drug, and Cosmetic Act. *See Dotterweich*, 320 U.S. at 279. The Supreme Court rejected this contention, holding that all who had "a responsible share" in the criminal conduct could be held accountable for corporate violations of the law. *Id.* at 284; *see id.* (explaining that "a corporation may commit an offense and all persons who aid and abet its commission are equally guilty").

The Court revisited the responsible corporate officer doctrine in *United States v. Park*, 421 U.S. 658 (1975). In elaborating on the concept of a "responsible share" in a violation that the defendant did not personally commit, the Court stated that the Government may satisfy its burden of proof by introducing "evidence sufficient to warrant a finding by the trier of the facts that the defendant had, by reason of his position in the corporation, responsibility and authority either to prevent in the first instance, or promptly to correct, the violation complained of, and that he failed to do so." *Park*, 421 U.S. at 673-74. The Court explicitly rejected the argument that the defendant must have brought the violation about through some "wrongful action." *Id.* at 673 (internal quotation marks omitted); *see Iverson*, 162 F.3d at 1025

("Under the CWA, a person is a 'responsible corporate officer' if the person has authority to exercise control over the corporation's activity that is causing the discharges. There is no requirement that the officer in fact exercise such authority or that the corporation expressly vest a duty in the officer to oversee the activity.").

It is evident from these principles that the Government was not required to prove that Hong was a formally designated corporate officer of Avion. The gravamen of liability as a responsible corporate officer is not one's corporate title or lack thereof; rather, the pertinent question is whether the defendant bore such a relationship to the corporation that it is appropriate to hold him criminally liable for failing to prevent the charged violations of the CWA.[2]

Regarding that question, Hong contends that the Government failed to prove that his relationship to Avion was such that he possessed authority to prevent the illegal discharges. Ample evidence supports the magistrate judge's finding of guilt, however. The evidence indicated that although Hong went to great lengths to avoid being formally associated with Avion, in fact he substantially controlled corporate operations. Furthermore, Hong was involved in the purchase of the filtration system and was aware, in advance, that the filtration media would quickly be depleted if used as Hong intended. And, the evidence supported a finding that Hong was in control of Avion's finances and refused to authorize payment for additional filtration media. Finally, Hong was regularly present at the Avion site, and discharges occurred openly while Hong was present. Accordingly, we affirm Hong's convictions.

---

[2]This rationale is fatal to Hong's claim that the magistrate judge constructively amended the information by convicting Hong as an owner of Avion rather than as a responsible corporate officer. While the magistrate judge did conclude that Hong was the de facto owner of Avion, the finding of guilt was based on the magistrate judge's determination that the evidence regarding Hong's relationship to Avion demonstrated his responsibility for the discharges.

### III.

Hong next challenges his sentence, maintaining that the three-year term of imprisonment imposed by the magistrate judge violates the Eighth Amendment prohibition against "cruel and unusual punishments," U.S. Const. amend. VIII, because it is grossly disproportionate to the crime committed, *see Solem v. Helm*, 463 U.S. 277, 284 (1983) (observing that the cruel and unusual punishments clause "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed"). Because Hong failed to challenge his sentence on this basis before the magistrate judge or the district court, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

This court has held that proportionality review is not available for any sentence less than life imprisonment without the possibility of parole. *See United States v. Polk*, 905 F.2d 54, 55 (4th Cir. 1990).[3] Even if we were to review Hong's claim, however, we would conclude that his sentence was not disproportionate and thus that no error occurred. Hong argues, essentially, that his sentence of three years is disproportionate because the criminal conduct consisted of the "negligent breach of a single duty of care." Brief of Appellant at 56. Hong's argument glosses over the fact that he was convicted of violating his duty of care not once, but *thirteen times*. The imposition of consecutive one-year terms of imprisonment for three of those convictions is not disproportionate. *See Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999) (explaining that "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes"), *cert. denied*, 121 S. Ct. 83 (2000).

---

[3]In arguing that his three-year sentence is disproportionate, Hong relies on two decisions of this court that left open the question of whether proportionality review is appropriate for sentences of less than life without the possibility of parole. *See Sutton v. Maryland*, 886 F.2d 708, 712 (4th Cir. 1989); *United States v. Rhodes*, 779 F.2d 1019, 1027-28 (4th Cir. 1985). *Polk* answered the question left open in *Sutton* and *Rhodes*.

IV.

On cross-appeal, the Government challenges the fine of $25,000 imposed on each of Counts Two through Thirteen,[4] maintaining that the district court erred in determining that the guidelines precluded application of the alternative fine statute, 18 U.S.C.A. § 3571 (West 2000). The Government's cross-appeal presents a question of guidelines interpretation, which we review de novo. *See United States v. Dawkins*, 202 F.3d 711, 714 (4th Cir.), *cert. denied*, 120 S. Ct. 1989 (2000).

The sentencing guidelines provide that a fine shall be imposed in all cases unless the defendant is unable to pay. *See* U.S.S.G. § 5E1.2(a). Generally, the amount of the fine is determined by reference to a table that specifies a minimum and maximum fine for each offense level. *See id.* § 5E1.2(c)(3). However, the guidelines also provide that the maximum fine set forth in the fine table "does not apply if the defendant is convicted under a statute authorizing . . . (B) a fine for each day of violation. In such cases, the court may impose a fine up to the maximum authorized *by the statute*." *Id.* § 5E1.2(c)(4) (emphasis added).

The parties agree that because the statute of conviction, 33 U.S.C.A. § 1319(c)(1), authorizes a fine for each day of violation, Hong is subject to a fine "up to the maximum authorized by the statute" pursuant to § 5E1.2(c)(4). Hong maintains, however, that the guideline language referring to "the maximum [fine] authorized by the statute" limits the potential fine to the maximum specified in the statute of conviction. Under this interpretation, the maximum fine for each of Counts Two through Thirteen is $25,000, as set forth in 33 U.S.C.A. § 1319(c)(1). The Government, in contrast, argues that § 5E1.2(c)(4) is properly understood as a directive that the guidelines do not provide any maximum fine when the statute of conviction authorizes a fine per day of violation. Under the Government's interpretation, the maximum fine for each of Counts Two through Thirteen is $100,000, as set forth in 18 U.S.C.A. § 3571.[5] The magistrate

---

[4]The magistrate judge also imposed a fine of $100,000 on Count One. That fine is not challenged by either party.

[5]The alternative fine statute, 18 U.S.C.A. § 3571, provides in pertinent part:

judge, believing the Government's position to be correct, imposed a total fine of $1.2 million on Counts Two through Thirteen. On appeal, the district court agreed with Hong that the maximum fine on each count was $25,000; accordingly, it vacated the fine imposed by the magistrate judge and remanded for imposition of a total fine on Counts Two through Thirteen no greater than $300,000.

We conclude that the interpretation of § 5E1.2(c)(4) by the district court was incorrect. In determining the meaning of the guideline, we are guided by the commentary to § 5E1.2, which specifically provides that "the guidelines do not limit maximum fines" when § 5E1.2(c)(4) applies. U.S.S.G. § 5E1.2, comment. (n.5); *cf. id.* comment. (n.2) (citing the alternative fine provision for the proposition that "[i]n general, the maximum fine permitted by law as to each count of conviction is . . . $100,000 for a Class A misdemeanor"). It is settled law that

---

   *(b)   Fines for individuals.*—Except as provided in subsection (e) of this section, an individual . . . may be fined not more than the greatest of—

      (1)   the amount specified in the law setting forth the offense; [or]

      . . .

      (5)   for a Class A misdemeanor that does not result in death, not more than $100,000[.]

   . . .

   *(e) Special rule for lower fine specified in substantive provision.*—If a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, *by specific reference*, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.

18 U.S.C.A. § 3571 (emphasis added). In short, § 3571 provides that the maximum possible fine for a Class A misdemeanor of the type committed by Hong is $100,000 unless the statute of conviction—here, 33 U.S.C.A. § 1319(c)(1)—specifically precludes application of the alternative fine provision. Section 1319(c)(1) does not specifically preclude application of § 3571.

"commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Here, we perceive no conflict between the guideline and the commentary. Rather, application note 5 explains the import of § 5E1.2(c)(4), namely, that the guidelines impose no limit on the maximum fine when the offense of conviction allows a fine per day of violation. We therefore vacate the fine and remand for reimposition of the fine initially imposed by the magistrate judge.

V.

In sum, we conclude that Hong was properly held criminally responsible for his role in failing to prevent Avion's violations of the CWA and that the 36-month sentence imposed on Hong did not violate the Eighth Amendment. Accordingly, we affirm Hong's convictions and sentence. Because the district court erred in concluding that the maximum fine for each of Counts Two through Thirteen was $25,000, we vacate the fine and remand for reimposition of the original fine.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*