# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MICHAEL DWAYNE PHELPS,
*Defendant-Appellant.*

No. 02-4043

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CR-01-39)

Submitted: July 19, 2002

Decided: August 6, 2002

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John E. Falcone, SMITH & FALCONE, Lynchburg, Virginia, for
Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzger-
ald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Dwayne Phelps appeals the sentence of seventy-eight months imprisonment he received after his guilty plea to possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a) (2000). Phelps contends on appeal that the district court erred in determining that his relevant conduct included 35-50 grams of crack, *U.S. Sentencing Guidelines Manual* §§ 1B1.3, 2D1.1 (2001), and that the court erred in finding that his conviction rendered him ineligible for federal benefits for five years under 21 U.S.C. § 862(a)(1)(A) (2000). We affirm.

Phelps was arrested on November 30, 2000, while in possession of 4.6 grams of crack. His girlfriend, Tomia Taylor, was in the car with Phelps when he was arrested and was carrying three plastic corner bags containing 20.4 grams of crack. A search of the residence they shared resulted in the seizure of another 50 grams of crack. It belonged to Taylor's half-sister, Delia "Peaches" Jones, who had been Phelps' source of crack for several months. Phelps admitted at the sentencing hearing that he sold two to three ounces (56.7 to 85.05 grams) of crack over a period of two or three months before his arrest. Although he stipulated that his relevant conduct was more than four grams and less than fifty grams of crack, Phelps argued that no more than the 4.6 grams he possessed at arrest should be attributed to him because the crack found in the house did not belong to him. He also asserted that it would be unfair to credit him with the cocaine found in his house because the government had reached agreements with other defendants, which attributed to each of them only the quantities involved in specific transactions. To the latter argument, the government responded that Phelps was not being treated differently because each of his co-defendants pleaded guilty to the most serious count charged* and was held responsible for all the crack purchased from

---

*Presumably, the government attorney meant the most serious substantive count as none of the defendants pleaded guilty to the conspiracy count.

him or otherwise acquired from him, while Phelps similarly was held responsible for the crack he possessed at his arrest and the crack that was in his house, available to him for distribution. The district court concluded that Phelps was responsible for nearly fifty grams of crack, and adopted the offense level calculation recommended in the presentence report.

The district court's determination of the drug amount attributable to a defendant is generally a factual issue reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). Phelps contends that the district court erred in determining his relevant conduct because his sentence was only slightly shorter than the sentence given to the kingpin in the conspiracy, Richard Slayton, and longer than those imposed on most other defendants. Consequently, he argues, his sentence is disproportionate to the offense and violates the principle set out in *Solem v. Helm*, 463 U.S. 277, 290 (1983), that "a criminal sentence must be proportionate to the crime for which the defendant has been committed." Because Phelps did not raise the issue of proportionality under *Solem* in the district court, it is reviewed under the plain error standard. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

This court has ruled that "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." *United States v. Ming Hong*, 242 F.3d 528, 532 & n.3 (4th Cir.), *cert. denied*, 122 S. Ct. 60 (2001). Although Phelps argues that *Ming Hong* is not consistent with this Court's statement in *United States v. D'Anjou*, 16 F.3d 604, 612 (4th Cir. 1994), that "*extensive* proportionality analysis is required only in those cases involving sentences without parole" (emphasis added), and does not foreclose such analysis in the instant case, we find that the district court did not plainly err in not conducting a proportionality review sua sponte. Given that Phelps admitted selling two to three ounces of crack over a period of several months, his based offense level was properly computed and his seventy-eight-month sentence was not disproportionate to his offense.

Phelps seeks support from the Ninth Circuit's decision in *United States v. Daas*, 198 F.3d 1167, 1180-81 (9th Cir. 1999) (remanding for further proceedings where district court mistakenly believed it

lacked authority to depart downward to correct disparity between defendant's sentence and sentences of co-defendants), *cert. denied*, 531 U.S. 999 (2000), and *United States v. Lieberman*, 971 F.2d 989, 996-99 (3d Cir. 1992) (district court has authority to depart downward to correct sentencing disparities caused by government's manipulation of the charges). However, this court has held that the sentencing court may not depart based on disparity between the defendant's sentence and the sentences of his co-defendants. *United States v. Brothers Constr. Co.*, 219 F.3d 300, 319 (4th Cir.), *cert. denied*, 531 U.S. 1037 (2000); *United States v. Davis*, 98 F.3d 141, 145 (4th Cir. 1996). Moreover, Phelps did not request a departure on this ground. His proportionality argument was focused on lowering his offense level. We cannot say that Phelps has demonstrated error of any kind.

Phelps also argues on appeal that the five-year ineligibility provision of 21 U.S.C. § 862(a)(1)(A) does not apply in his case. The probation officer noted in the presentence report that "[u]pon a first conviction for distribution of a controlled substance, a defendant may be declared ineligible for any or all federal benefits for up to 5 years" under 21 U.S.C. § 862(a)(1)(A). Phelps objected that he had not been convicted of distribution, but of possession, and, therefore, the one-year ineligibility provision in § 862(b) should apply. At the sentencing hearing, the parties noted initially that the issue remained unresolved, but neither side addressed it further. The district court did not find that Phelps was ineligible for federal benefits for any period when sentence was imposed.

Under either subsection of § 862, the denial of benefits is not automatic, but is discretionary with the sentencing court. Section 862(a)(1)(A) provides that benefits may be denied, "at the discretion of the court . . . ." Here, the presentence report did not recommend that the court deny benefits for five years in Phelps's case, but simply noted that the court had the discretion to do so. At sentencing, the district court did not exercise its discretion to impose any sanction under § 862. The court's adoption of the presentence report did not operate to impose a five-year sanction in the absence of any indication by the district court that it wished to impose such a sanction. Therefore, we need not address Phelps' argument that the one-year denial of benefits provision applies to him rather than the five-year provision.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*