**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lawrence Elmo SCOTT, a/k/a Mummy,
Defendant–Appellant.**

No. 03–4320.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 28, 2003.

Decided Sept. 3, 2003.

Terry N. Grimes, Terry N. Grimes, Esq., P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Marya J.A. Shahriary, Third–Year Law Intern, Roanoke, Virginia, for Appellee.

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

Lawrence Elmo Scott pled guilty to distributing cocaine base (crack) within 1000 feet of a school in violation of 21 U.S.C. § 860(a) (2000), and received a career offender sentence of 283 months imprisonment. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2002). Scott contends that his sentence constitutes cruel and unusual punishment. We affirm.

The statutory maximum sentence applicable to Scott's offense was forty years (twice the maximum punishment of twenty years authorized under 21 U.S.C.A.

§ 841(b)(1)(C) (West 2000 & Supp.2003)). *See* 21 U.S.C. § 860(a). Scott argues that, because the instant offense involved a distribution of .1 grams of crack, his punishment is excessive. However, he concedes that harsh sentences for repeat drug offenders have been upheld against similar challenges. *See United States v. Saunders,* 973 F.2d 1354, 1365–66 (7th Cir. 1992). In this circuit, proportionality review is not available for sentences of less than life without parole. *United States v. Ming Hong,* 242 F.3d 528, 532 (4th Cir.), *cert. denied,* 534 U.S. 823, 122 S.Ct. 60, 151 L.Ed.2d 28 (2001).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*