Filed:  February 13, 2006

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 03-4320
(CR-02-101)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE ELMO SCOTT, a/k/a Mummy,

Defendant - Appellant.

O R D E R

The court amends its opinion filed September 3, 2003, as follows:

On page 2, first line of text -- "pled guilty to" is corrected to read "was convicted of."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4320**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE ELMO SCOTT, a/k/a Mummy,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg. Norman K. Moon, District Judge.
(CR-02-101)

_____

Submitted: August 28, 2003          Decided: September 3, 2003

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Terry N. Grimes, TERRY N. GRIMES, ESQ., P.C., Roanoke, Virginia,
for Appellant.  John L. Brownlee, United States Attorney, R. Andrew
Bassford, Assistant United States Attorney, Marya J.A. Shahriary,
Third-Year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lawrence Elmo Scott was convicted of distributing cocaine base (crack) within 1000 feet of a school in violation of 21 U.S.C. § 860(a) (2000), and received a career offender sentence of 283 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2002). Scott contends that his sentence constitutes cruel and unusual punishment. We affirm.

The statutory maximum sentence applicable to Scott's offense was forty years (twice the maximum punishment of twenty years authorized under 21 U.S.C.A. § 841(b)(1)(C) (West 2000 & Supp. 2003)). See 21 U.S.C. § 860(a). Scott argues that, because the instant offense involved a distribution of .1 grams of crack, his punishment is excessive. However, he concedes that harsh sentences for repeat drug offenders have been upheld against similar challenges. See United States v. Saunders, 973 F.2d 1354, 1365-66 (7th Cir. 1992). In this circuit, proportionality review is not available for sentences of less than life without parole. United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir.), cert. denied, 534 U.S. 823 (2001).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2