**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4276**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH C. BLEDSOE,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (CR-03-837)

---

Submitted:  March 31, 2006          Decided:  April 24, 2006

---

Before LUTTIG, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Steven M. Hisker, SWERLING LAW FIRM, Columbia, South Carolina, for Appellant.  Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph C. Bledsoe appeals his conviction and sentence for knowingly publishing a notice over the Internet offering to exchange child pornography, in violation of 18 U.S.C.A. § 2251(d) (Supp. 2005). Bledsoe's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lack merit, counsel asserts that the district court erred in not granting Bledsoe's motion to dismiss the indictment on the grounds that the Child Pornography Prevention Act of 1996 ("CPPA") is unconstitutionally overbroad and the mandatory minimum sentencing provisions of the CPPA are grossly disproportionate to the crime and therefore violate the Eighth Amendment. Although Bledsoe was notified of his right to file a supplemental pro se brief, he did not do so. Finding no reversible error, we affirm.

In the Anders brief, counsel asserts that the CPPA is unconstitutionally overbroad in light of the Supreme Court's decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). As the Court's finding of a constitutional violation was limited to provisions in the CPPA that extended the definition of child pornography to include virtual images of child pornography, and the provision to which Bledsoe pled guilty was unaffected, we find that

- 2 -

the district court did not err in denying Bledsoe's motion to dismiss on this ground.

Counsel also asserts that the mandatory minimum sentencing provisions of the CPPA are grossly disproportionate to the crime committed and therefore violate the Eighth Amendment prohibition against cruel and unusual punishment. This court has ruled that "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 & n.3 (4th Cir. 2001). Because Bledsoe received a sentence of less than life imprisonment, the proportionality of his sentence cannot be reviewed on appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bledsoe's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>