**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5252**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES SCOTT ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Malcolm J. Howard, District Judge. (CR-02-80-H)

Submitted:  September 22, 2006     Decided:  November 1, 2006

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Ayers, II, AYERS, HAIDT & TRABUCCO, P.A., New Bern, North Carolina, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Scott Robinson was convicted of three counts of conspiracy, in violation of 18 U.S.C.A. § 371 (West 2000); three counts of armed bank robbery, aiding and abetting, in violation of 18 U.S.C.A. § 2113(a) (West 2000); six counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000); five counts of interfering with commerce by robbery, aiding and abetting, in violation of 18 U.S.C.A. § 1951 (West 2000); and two counts of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000). At the initial sentencing hearing, the district court granted Robinson's request for a downward departure for diminished capacity over the Government's objection and sentenced Robinson to a total of 384 months' imprisonment and five years' supervised release.

Robinson appealed his convictions and sentence; the Government cross-appealed, contending the district court erred in granting the downward departure. We affirmed Robinson's convictions but reversed his sentence and remanded to the district court for resentencing. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir.) (holding that United States v. Booker, 543 U.S. 220 (2005), "did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence" except upon

- 2 -

the Government's motion on the basis of substantial assistance) <u>cert. denied</u>, 126 S. Ct. 288 (2005).[1]

At the second sentencing hearing, the district court imposed a term of 193 years and three months' imprisonment. Robinson again appealed. His counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), contending there exist no meritorious issues for appeal but asserting that the sentence imposed by the district court on remand violates the Eighth Amendment's prohibition against cruel and unusual punishment. Although notified of his right to submit a pro se supplemental brief, Robinson has not done so.

We previously reversed Robinson's sentence because it was below the statutory minimum, and remanded for resentencing in conformity with that opinion. <u>See</u> <u>Robinson</u>, 404 F.3d at 863. The district court resentenced Robinson in accordance with the mandate rule. "[I]n the absence of exceptional circumstances, . . . [the mandate rule] compels compliance on remand with the dictates of a

---

[1]The sentence from which the district court departed "was calculated as follows: 84 months for the first [18 U.S.C.] § 924(c) [(2000)] conviction, 300 months consecutive for the seven additional § 924(c) convictions, and 135 months for the armed robbery counts." <u>Robinson</u>, 404 F.3d at 862. After granting Robinson a downward departure for diminished capacity, the district court sentenced Robinson to 384 months' imprisonment, "running only the first § 924(c) conviction and one additional § 924(c) conviction consecutively." <u>Id.</u> This sentence violated the applicable statute, which "provides, in relevant part, that 'no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person.'" <u>Id.</u> (quoting 18 U.S.C. § 924(c)(1)(D)(ii) (2000)).

superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (citation and internal quotation marks omitted). Furthermore, we noted that while the sentence Robinson faced on remand "may seem manifestly unjust given Robinson's age and well-documented intellectual limitations, it is the result mandated by Congress." Robinson, 404 F.3d at 862. Although "[s]evere, mandatory penalties" such as those imposed on Robinson "may be cruel, . . . they are not unusual in the constitutional sense." Harmelin v. Michigan, 501 U.S. 957, 994 (1991).[2]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the

---

[2]Moreover, "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 & n.3 (4th Cir. 2001).

- 4 -

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED