**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5067**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CARLOS WOODS,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:07-cr-00127-WDQ-1)

Submitted: November 24, 2008     Decided: January 5, 2009

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John W. Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Woods appeals the district court's judgment entered pursuant to his conviction after a jury trial for possession with the intent to distribute cocaine and possession with the intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1) (2000). Woods was sentenced to 262 months' imprisonment on these convictions. For the reasons that follow, we affirm.

The evidence adduced at trial revealed that during their surveillance of two Baltimore, Maryland avenues known for drug dealing, detectives with the Baltimore Police Department observed and videotaped Woods engaging in multiple hand-to-hand drug transactions with other persons. During this surveillance, detectives observed Woods enter and exit from an alleyway and observed and videotaped Woods entering an alleyway and emerging from under the rear porch of a nearby residence. Woods was placed under arrest, and detectives recovered vials and plastic bags, ultimately determined to contain 2.31 grams of powder cocaine and 8.45 grams of marijuana, from underneath the porch. After his arrest, Woods waived his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and admitted that he had been selling cocaine and marijuana and that the drug stash under the back porch of the residence belonged to him.

First, Woods contends that he was subject to vindictive prosecution, in violation of the Fifth Amendment. As grounds for this claim, Woods relies on statements made by the Government's attorney at Woods' detention hearing that Woods was being prosecuted in federal court, despite, in the words of the Government's attorney, "the relatively small quantity of cocaine and marijuana recovered," pursuant to the Baltimore, Maryland Exile Initiative as a "violent repeat offender." Pursuant to this Initiative, local police refer for federal prosecution individuals who have been unsuccessfully prosecuted for their participation in crimes of violence. The Government's attorney noted at the hearing that Woods, a career offender, had been unsuccessfully prosecuted for past violent crimes in state court and was therefore a target of the Exile Initiative. Woods asserts that because he exercised his right to defend himself and was ultimately not convicted of murder and attempted murder in state court, he was vindictively targeted for federal prosecution.

To establish prosecutorial vindictiveness, a defendant must show that the prosecutor acted with genuine animus toward the defendant, and the defendant would not have been prosecuted but for that animus. United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). If a defendant cannot produce direct evidence of a vindictive motive, he can establish a rebuttable

3

presumption of vindictiveness by showing that a "reasonable likelihood of vindictiveness exists." United States v. Goodwin, 457 U.S. 368, 373 (1982). If he succeeds, the burden then shifts to the Government to present objective evidence justifying its conduct. Id. at 374. The evidence is viewed, however, in the context of the "presumption of regularity" that attends decisions to prosecute. United States v. Armstrong, 517 U.S. 456, 464 (1996) (citation omitted). Thus, "in the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." Id. (internal quotations omitted).

We note at the outset that most successful vindictive prosecution claims involve retaliatory prosecutions by the same sovereign that earlier brought the defendant to trial. See, e.g., Goodwin, 457 U.S. at 381. Here, however, the alleged vindictive prosecution was brought by a different sovereign altogether. See United States v. Robinson, 644 F.2d 1270, 1273 (9th Cir. 1981) (expressing "doubt as to whether a prosecution could be condemned as 'vindictive' when the defendant's claim is that one sovereign is punishing him for rights he asserted against a different sovereign."). Additionally, there is no

4

claim that Woods was intimidated from exercising any right in any proceedings.

Woods attempts to overcome this difficulty by pointing to the Government's attorney's statements at the detention hearing that Woods was being prosecuted in federal court, at least in part, on account of his prior unsuccessful prosecutions in state court for murder and attempted murder. Even if we were to assume there was some evidence of animus on the part of Maryland law enforcement in referring Woods for prosecution pursuant to the Exile Initiative, there is no evidence to suggest that the Government official who actually made the decision to prosecute Woods was motivated by any impermissible consideration. And we will not "impute the unlawful biases of the investigating agents to the persons ultimately responsible for the prosecution." United States v. Hastings, 126 F.3d 310, 314 (4th Cir. 1997).

Finally, objective evidence in the record clearly supports the Government's decision to prosecute Woods in federal court. Given the facts adduced at trial, and especially in light of Woods' own admission, the Government clearly had probable cause to believe that Woods committed the charged offenses. Armstrong, 517 U.S. at 464. Accordingly, Woods' vindictive prosecution claim fails.

5

Next, Woods contends that his 262-month prison sentence violates his Eighth Amendment right to be free from cruel and unusual punishment because the sentence is disproportionate to the crime committed. This court has held that "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 & n.3 (4th Cir. 2001). Because Woods received a sentence of less than life imprisonment, the proportionality of his sentence cannot be reviewed on appeal.[*]

Finally, Woods contends that his sentence is unreasonable. We review Woods' sentence under a deferential abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). To determine whether a sentencing court abused its discretion, we undertake a two-part analysis. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence. Id.

---

[*] Recognizing that Ming Hong is controlling, Woods contends that the decision conflicts with the Supreme Court's Eighth Amendment jurisprudence. However, even if proportionality review was available to Woods, his sentence is not disproportionate in light of his recidivism. See Ewing v. California, 538 U.S. 11, 29-30 (2003) (plurality opinion) (sentence of twenty-five years to life for recidivist did not violate the Eighth Amendment).

Significant procedural errors include improper calculation of the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C.A. § 3553(a) (West 2006 & Supp. 2008) factors, or failing to adequately explain the given sentence. Id. at 473. Substantive reasonableness entails a review of the totality of the circumstances, and we may presume that a sentence within the advisory Guidelines range is reasonable. Id.; see Rita v. United States, 127 S. Ct. 2456, 2459 (2007).

Here, the district court followed the necessary steps in sentencing Woods. The court properly calculated the Guidelines range and heard from Woods and his counsel regarding that range and the § 3553(a) factors. Further, the context surrounding the district court's sentence makes clear that it considered the applicable § 3553(a) factors and concluded that the Guidelines range provided an appropriate basis for determination of sentence. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (holding that a court need not "robotically tick through" every subsection of § 3553(a)), cert. denied, 127 S. Ct. 3044 (2007). In addition, we find no abuse of discretion in the court's decision to sentence Woods at the low end of the Guidelines range for career offenders, especially given Woods' lengthy criminal history.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8