**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4625**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAKEEM ABDUK JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:08-cr-00876-RBH-1)

Submitted:  July 12, 2010              Decided:  July 22, 2010

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, Carrie A. Fisher, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hakeem Abduk Johnson pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846 (2006). He now appeals, arguing that the application of the crack-to-powder cocaine sentencing disparity violated his equal protection and due process rights and that his 168-month sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. Finding no reversible error, we affirm.

The constitutionality of a federal statute is a question of law that is reviewed de novo. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001). We repeatedly have rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997) (citing cases); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc). To the extent that Johnson seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Furthermore, the 2007 amendments to the sentencing guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses.  Although Johnson refers to the Supreme Court's decisions in Spears v. United States, 129 S. Ct. 840 (2009), and Kimbrough v. United States, 552 U.S. 85 (2007), to bolster his equal protection argument, this reference is misplaced.  In Spears, the Supreme Court held that the district court may apply a different crack-to-powder-cocaine ratio when considering the § 3553(a) factors, and in Kimbrough, the Court held that district courts may consider the crack-to-powder-cocaine sentencing ratio as a possible basis for variance from the guidelines.  These holdings are unrelated to the constitutionality of the sentencing disparity in the statute.  In fact, the Supreme Court explicitly stated in Kimbrough that, even after the 2007 amendments, "district courts are constrained by the mandatory minimum[] [sentences] Congress prescribed . . . ."  Id. at 108; see also United States v. McClellon, 578 F.3d 846, 861 (8th Cir. 2009) (rejecting equal protection and due process challenge to § 841 and stating that "while there is proposed legislation in Congress that may remedy the problems in question, these actions remain mere proposals,

3

and it is not the province of this court to anticipate and implement what may or may not occur in Congress").

Johnson also seeks to challenge his sentence on Eighth Amendment grounds, arguing that the penalties for crack offenses are "cruel and unusual" because they are disproportionately harsh in comparison to the penalties for offenses involving cocaine powder.  The Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991)). However, "[t]his [C]ourt has held that proportionality review is not available for any sentence less than life imprisonment without the possibility of parole."  United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001).  Therefore, the proportionality of Johnson's sentence is not reviewable on appeal.

Accordingly, we affirm Johnson's within-Guidelines sentence.  See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (holding that sentence within a properly calculated Guidelines range is reasonable).  We dispense with oral argument because the facts and legal are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED