**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4620**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

CHRISTOPHER LEWIS COX,

　　　　　Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00397-WO-2)

---

Submitted:  January 30, 2012　　　　Decided:  February 14, 2012

---

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Christopher Lewis Cox on six counts of violations of the Hobbs Act (interference with commerce by robbery), 18 U.S.C. §§ 2, 1951(a) (2006) (Counts One, Five, Eleven, Thirteen, Fifteen, and Seventeen), and five counts of carrying and using by brandishing a firearm during a crime of violence under 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), (c)(1)(B)(i) (2006) (Counts Two, Six, Twelve, Fourteen and Sixteen). The district court sentenced Cox to one month imprisonment on the five Hobbs Act convictions, respectively; mandatory consecutive eighty-four months' imprisonment on Count Two; and mandatory consecutive 300 months' imprisonment on each of the remaining four § 924(c) convictions, resulting in a cumulative sentence of 1285 months' imprisonment. On appeal, Cox challenges the district court's denial of his motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 as to Count Two, Twelve, Fourteen and Sixteen on the ground that the evidence was insufficient to support the convictions. He further argues the district court's imposition of consecutive sentences on the § 924(c) convictions in Counts Six, Twelve, Fourteen, and Sixteen violated the Eighth Amendment's protection against cruel and unusual punishment. We affirm.

Cox first challenges the district court's denial of his Rule 29 motion challenging the sufficiency of the evidence

2

as to his § 924(c) convictions on Counts Two, Twelve, Fourteen, and Sixteen. He argues that the evidence at trial was insufficient for the jury to find him guilty as an aider or abettor of the use of a firearm during a crime of violence. Specifically, he maintains there was insufficient evidence that he knew or had knowledge to a reasonable degree of certainty that his co-defendant, Steve Hopkins, would use a firearm during the subject robberies.

We review a district court's denial of a motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). An appellate court must be mindful that "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and brackets omitted). "Reversal for

3

insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

To prove a violation of § 924(c)(1), the Government must demonstrate that: "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a . . . crime of violence." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2. To be convicted of aiding and abetting under § 924(c), only "participation at some stage accompanied by knowledge of the result and intent to bring about that result" are required. United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998) (internal quotation marks omitted).

In light of this standard, we have reviewed the record in this case and conclude there was ample evidence to support the jury's guilty verdict on the § 924(c) offenses as charged in Counts Two, Twelve, Fourteen, and Sixteen. We therefore find no error in the district court's denial of Cox's Rule 29 motion as to these counts.

Cox also argues on appeal that the district court's imposition of mandatory consecutive sentences of 300 months' imprisonment as to Counts Six, Twelve, Fourteen and Sixteen

4

(violations of 18 U.S.C. § 924(c)) violated the Eighth Amendment's protection against cruel and unusual punishment. Ostensibly, Cox claims his cumulative sentence is disproportionate to his crimes.

The Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991)). However, we have held that "proportionality review is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 & n.3 (4th Cir. 2001). Cox was not in fact sentenced to life imprisonment, so the proportionality of his sentence is not reviewable on appeal. See United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006) (reconfirming that consecutive sentences mandated by § 924(c), even where unusually lengthy and exceeding a defendant's reasonable life expectancy, do not violate the Eighth Amendment).

Accordingly, we affirm Cox's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5