**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5041**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DELMONTA RASHEED JOHNSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00152-NCT-1)

Submitted:  August 30, 2013        Decided:  September 12, 2013

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patrick Michael Megaro, BROWNSTONE, P.A., Winter Park, Florida, for Appellant.  Ripley Rand, United States Attorney, T. Nick Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delmonta Rasheed Johnson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 120 months in prison. Johnson asserts that the district court's judicial fact-finding at sentencing, which resulted in a nine-level increase in his total offense level, violated his right to a jury trial and United States v. Booker, 543 U.S. 220 (2005), as well as his Eighth Amendment right to be free from excessive punishment. Finding no error, we affirm.

Although claims of constitutional error are reviewed de novo, United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009), we review the district court's factual findings underlying its application of a sentencing enhancement for clear error, and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).

We reject Johnson's argument that his right to a jury trial was violated by the district court's judicial fact-finding at sentencing. Because Johnson was sentenced to the statutory maximum applicable to his offense, none of the enhancements to Johnson's base offense level resulted in a sentence greater than that authorized by his guilty plea. 18 U.S.C. § 924(a)(2) (2006). Accordingly, the district court did not violate the Sixth Amendment or Booker in applying the enhancements. See

2

*Rita v. United States*, 551 U.S. 338, 352 (2007) (recognizing that the Supreme Court's "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); *Booker*, 543 U.S. at 232-44 (holding that judge-found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008) (holding that, as long as the Guidelines range is treated as advisory, a sentencing court may consider and find facts by a preponderance of the evidence, provided that those facts do not increase a sentence beyond the statutory maximum); *United States v. Battle*, 499 F.3d 315, 322-23 (4th Cir. 2007) (stating that the district court did not violate the Sixth Amendment by imposing a sentence based on facts not found by a jury).

Although Johnson also complains that the district court was not authorized to deny him credit for acceptance of responsibility based on conduct the district court found relevant to the underlying conviction, the Guidelines make clear that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted

3

in a manner inconsistent with acceptance of responsibility[.]" U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 cmt. n.1(A) (2011). The Guidelines also make clear that committing, suborning, or attempting to suborn perjury—which the district court explicitly found Johnson did—are examples of conduct that warrant the obstruction of justice enhancement. See USSG § 3C1.1 cmt. n.4(B) (2011). Accordingly, we discern no error in the district court's decision to deny Johnson a reduction in his offense level for acceptance of responsibility, and to increase the offense level because he obstructed justice by committing perjury and allowing others to do so in his defense.

Johnson also asserts that the district court erred when it determined that his cocaine possession constituted a drug trafficking crime justifying a four-level enhancement under USSG § 2K2.1(b)(6)(B), because he argues he was not convicted of cocaine possession, and because the district court allegedly made erroneous factual findings. It is well-established, however, "that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009).

Moreover, we review a district court's factual findings for clear error and afford the "highest degree of appellate deference" to those factual findings when they are

4

based on assessments of witness credibility. See United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009). In this case, the district court explicitly stated it was rejecting Johnson's version of the events because it believed his version was fabricated. We defer to the district court's credibility determination.

We also reject Johnson's argument that his sentence violates the Eighth Amendment. In this regard, Johnson claims that his sentence is excessive because it was increased based on "extraneous culpability for facts [with which he] was neither charged, nor conceded, nor convicted[,]" and because he summarily claims the sentence failed to take into account his life and characteristics. To the extent that Johnson's argument could be construed as suggesting he received a sentence disproportionate to others convicted of being a felon in possession of a firearm, "proportionality review [under the Eighth Amendment] is not available for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001). Moreover, and Johnson's argument to the contrary, the record establishes that the district court fully considered Johnson's individual circumstances and justified why it believed the statutory maximum sentence should be imposed in this case. Because the district court was authorized to increase Johnson's

5

offense level based on facts it found by a preponderance of the evidence, and since the district court imposed the statutory maximum applicable to Johnson's crime and adequately justified that sentence under the Guidelines and relevant 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013) factors, we discern no procedural, substantive or constitutional error in Johnson's sentence.

We have considered Johnson's arguments and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>