DUNCAN, Circuit Judge,
concurring in the judgment:
With great respect for the majority’s thoughtful opinion, I am of the view that this appeal can (and therefore should) be decided more simply and without finding an irreconcilable conflict between two of our prior opinions. I therefore concur in the judgment.
First, as the majority correctly acknowledges, its analysis is ultimately unnecessary. A finding that proportionality analysis is available is scarcely outcome determinative here, because Cobler’s conduct was sufficiently grave to have justified even a life sentence without the possibility of parole. See supra pp. 579-80.
Further, I remain unpersuaded that United States v. Rhodes, 779 F.2d 1019 (4th Cir.1985), is so inconsistent with United States v. Ming Hong, 242 F.3d 528 (4th Cir.2001), as to meet the high standard of “irreconcilable conflict” required by McMellon v. United States, 387 F.3d 329, 334 (4th Cir.2004). Rhodes merely held that Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), “requires an extensive proportionality analysis only in those cases involving life sentences without parole.” 779 F.2d at 1028. Strictly speaking, our holding in Ming Hong that “proportionality review is not available” for a term-of-years sentence, 242 F.3d at 532, is not inconsistent with our holding in Rhodes that extensive proportionality analysis is not required in such a case.
The majority points out that the panel in Rhodes went on to apply a limited form of proportionality review to the sentences at issue. But it did so having assumed, ar-guendo, that the sentences were equivalent to life sentences without the possibility of parole. See Rhodes, 779 F.2d at 1028.
While I cannot agree that Ming Hong conflicts with our prior precedent, I nevertheless find it to be clearly inconsistent with, and therefore superseded by, the Supreme Court’s holding in Graham v. Florida, 560 U.S. 48, 59-60,130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (“[In] determining whether a sentence for a term of years is grossly disproportionate.... [a] court must begin by comparing the gravity of the offense and the severity of the sentence.”)
I therefore respectfully concur in the judgment.