**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4209**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES WILLIE WEBSTER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. John T. Copenhaver, Jr.,
District Judge. (CR-03-218)

_____

Submitted: August 4, 2006          Decided: September 6, 2006

_____

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

_____

John G. Hackney, Jr., Charleston, West Virginia, for Appellant.
Steven Ian Loew, OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Willie Webster pled guilty to one count of firearm possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court determined Webster to be an armed career criminal, resulting in a fifteen year statutory mandatory minimum sentence. See 18 U.S.C. § 924(e)(1) (2000). Adopting the recommendation of the presentence report, the district court sentenced Webster to 188 months' imprisonment, which represented the bottom of the applicable federal sentencing guidelines range and eight months above the statutory minimum. The district court noted this was a "terribly long" sentence for Webster, given his rather advanced age, but stated that it was the "least [lengthy] sentence available." Webster appealed, challenging only his sentence.

Webster moves to remand this case to the district court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). The Government does not oppose remand for the purposes of resentencing. In Booker, the Supreme Court held that when a defendant is sentenced under a mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 224. Thus, error under the Sixth Amendment occurs when

the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant.  Id.

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not found by a jury or admitted by the defendant, constitutes plain error.  That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme.  Hughes, 401 F.3d at 546-56.  We directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence.  If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Hughes, 401 F.3d at 546; see also United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006).  Hughes also recognized "that after Booker, there are two potential errors in a sentence imposed pursuant to the pre-Booker mandatory guidelines regime: a Sixth Amendment error, which Hughes raised, and an error in failing to treat the guidelines as advisory, which Hughes did not raise." Hughes, 401 F.3d at 552.

In United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 125 S. Ct. 668 (2005), we held that treating the guidelines as mandatory in the absence of a Sixth Amendment violation was plain error in light of Booker. White, 405 F.3d at 216-17. We declined to presume prejudice in this situation, id. at 217-22, holding that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. In White, because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)), we concluded that the error did not affect the defendant's substantial rights and, thus, affirmed the sentence. White, 405 F.3d at 225; see also United States v. Collins, 412 F.3d at 524-25 (finding that defendant failed to demonstrate prejudice from being sentenced under the mandatory sentencing guidelines).

Here, the district court did not commit Sixth Amendment error at sentencing. The record indicates that the district court properly made an armed career criminal finding under 18 U.S.C. § 924(e) (2000). See United States v. Thompson, 421 F.3d 278, 282-84 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006). Moreover, additional fact-finding made by the district court at the sentencing hearing did not violate the Sixth Amendment. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (determining Sixth Amendment error by considering guidelines range based on facts admitted by defendant without adjusting for acceptance of responsibility).

Nevertheless, as Webster correctly asserts, the district court erred in applying the sentencing guidelines as mandatory.[1] Furthermore, in light of the court's expressed concern as to the length of the sentence required to be imposed by a mandatory application of the guidelines, there is a nonspeculative basis on which we may conclude that the district court would have sentenced Webster differently had the court proceeded under an advisory guidelines scheme. See White, 405 F.3d at 223 (finding that defendant failed to meet burden of actual prejudice where "the

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Webster's sentencing. See generally, Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 5 -

district court made certain statements suggesting that it was content to sentence [the defendant] within the guideline range."). Accordingly, Webster has established plain error in sentencing, and we vacate the sentence and remand for resentencing under <u>Booker</u> and <u>White</u>.

Finally, Webster has filed a letter docketed as a pro se supplemental brief and an implied motion to submit the brief. We grant Webster's implied motion to submit the pro se supplemental brief, but we find his contentions meritless.[2] We deny Webster's motion to permit an amicus party to file a brief in this case.

In sum, we affirm Webster's conviction, vacate his sentence, and grant his motion to remand for resentencing in light of <u>Booker</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

---

[2] By his guilty plea, Webster admitted the material elements of the offense. <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969).