**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4013**

_____


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus


CHARLES WILLIE WEBSTER,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (2:03-CR-00218)

_____

Submitted:  August 8, 2007          Decided:  August 24, 2007

_____

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John G. Hackney, Jr., Charleston, West Virginia, for Appellant.
Charles T. Miller, United States Attorney, Monica K. Schwartz,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Willie Webster pled guilty to one count of firearm possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court found Webster was subject to a 180-month mandatory minimum sentence as an armed career criminal. See 18 U.S.C. § 924(e)(1) (2000). The court sentenced Webster to 188 months' imprisonment, remarking this was a "terribly long sentence" but noting it was the shortest allowable sentence under the then-mandatory sentencing guidelines. We affirmed Webster's conviction but vacated his sentence and remanded to the district court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).* See United States v. Webster, 198 F. App'x 334 (4th Cir. 2006) (unpublished).

On remand, the district court sentenced Webster to the statutory minimum of 180 months' imprisonment. Webster appealed, and his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for

---

*We vacated Webster's sentence because the record provided a nonspeculative basis for concluding the district court's mandatory treatment of the sentencing guidelines affected its selection of the sentence imposed. See United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 125 S. Ct. 668 (2005). Therefore, we remanded for resentencing pursuant to Booker and White. We found the district court did not commit Sixth Amendment error under Booker, however, and we upheld Webster's armed career criminal designation. Pursuant to the mandate rule, the district court appropriately declined to permit relitigation of sentencing guidelines calculations on remand. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

appeal but asserting the length of the sentence violated his client's Eighth Amendment protection against cruel and unusual punishment in light of Webster's advanced age and myriad medical conditions. The Government avers the district court lacked discretion to sentence Webster below the mandatory statutory minimum penalty. Webster did not file a pro se supplemental brief, despite being notified of his right to do so. Finding no error, we affirm.

Booker "did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence" except upon the Government's motion on the basis of substantial assistance. United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005). The district court appropriately declined to sentence Webster below the mandatory minimum despite considering Webster's age and medical issues. See Robinson, 404 F.3d at 862 (stating 193-year sentence on remand "may seem manifestly unjust given Robinson's age and well-documented intellectual limitations, [but] it is the result mandated by Congress."). Webster's Eighth Amendment claim necessarily fails, as proportionality review is unavailable "for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 (4th Cir. 2001).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

therefore affirm Webster's conviction and sentence. This court requires that counsel inform Webster, in writing, of the right to petition the Supreme Court of the United States for further review. If Webster requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Webster.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED